PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN__ DISTRICT OF TEXAS
__HOUSTON__ DIVISION

United States Courts
Southern District of Texas
FILED

FEB 13 2018

David J. Bradley, Clerk of Court

Matthew James Leachman
SPN 01525039
Plaintiff's Name and ID Number

Harris County Jail
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

Harris County, Texas
County Judge's Office, 1001 Preston, Ste 911, Houston, TX 77002
Defendant's Name and Address

Sheriff Ed Gonzales
1200 Baker Street, Houston, TX 77002
Defendant's Name and Address

Dr. Marcus Guice
1200 Baker Street, Houston, TX 77002
Defendant's Name and Address
( DO NOT USE "ET AL.")

Dr. David Smith
1200 Baker Street, Houston, TX 77002

Dr. Alan Harper
1200 Baker Street, Houston, TX 77002

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00.**

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? X YES ___NO

   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: May 1997
      2. Parties to previous lawsuit:
         Plaintiff(s) Matthew James Leachman
         Defendant(s) Tommy Thomas, in capacity as Sheriff
      3. Court: (If federal, name the district; if state, name the county.) S.D. Tex.
      4. Cause number: H-97-cv-1722
      5. Name of judge to whom case was assigned: I don't remember
      6. Disposition: (Was the case dismissed, appealed, still pending?) Thomas's MSJ granted — appealed — affirmed 2-1 (Dennis, J., dissented)
      7. Approximate date of disposition: 1999 (?)

II. PLACE OF PRESENT CONFINEMENT: Harris County Jail

2

PART I (PREVIOUS LAWSUITS) CONTINUED:

C. In March 2004, I filed Matthew James Leachman v. William Stephens & Karri L. Hansford, No. 160,142-B, in the 78th District Court of Wichita County, Texas. (W. Bernard Fudge, J.). Defendants' Motion for Summary Judgment granted — appealed — affirmed — petition for review denied — petition for certiorari pending in U.S. Supreme Court.

D. In May 2012, I filed Matthew James Leachman v. Louis C. Loomis, Jr. & William Stephens, No. 176,990-C, in the 89th District Court of Wichita County, Texas (Price, J.). I am not clear on the status of this suit. It appears Judge Price may have entered a void judgment while a motion to recuse him was pending. I did not, however, receive a copy of the judgment. I am working on obtaining one.

Note to the Court: this does not include criminal or habeas corpus actions challenging my conviction or my charges — only civil suits related to my imprisonment.

p. 2-A

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? _X_ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Matthew James Leachman, SPN 01525039, Harris County Jail, 1200 Baker Street, Houston, Texas 77002

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Harris County, Texas (in capacity as municipality), County Judge's Office, 1001 Preston, Suite 911, Houston, Texas 77002.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Acquiescence in longstanding de facto extraction-only dental policy.

Defendant #2: Ed Gonzalez (in capacity as Sheriff of Harris County), Harris County Sheriff's Office, 1200 Baker Street, Houston, Texas 77002.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failure to correct Jail's de facto extraction-only dental policy.

Defendant #3: Dr. Marcus Guice (in personal and official capacity), Medical Director, Harris Co. Sheriff's Office, 1200 Baker Street, Houston, Texas 77002.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Personally knew of inadequate dental policy; failed to correct extraction-only policy.

Defendant #4: Dr. David Smith (in personal capacity), Jail Dentist, Harris Co. Sheriff's Office, 1200 Baker Street, Houston, Texas 77002
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Personally refused adequate dental treatment; offered only tooth extraction.

Defendant #5: Dr. Alan Harper (in personal capacity), Jail Dentist, Harris Co. Sheriff's Office, 1200 Baker Street, Houston, Texas 77002
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Personally refused adequate dental treatment; extracted a tooth.

V. STATEMENT OF CLAIM:

3

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes</u>. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

BACKGROUND: During 2000-2015, while I was in TDCJ, I obtained regular dental care: prophylactic cleaning and fluoride treatments, fillings, 1 extraction from medical necessity. In October 2015, when I was bench-warranted to the Harris County Jail, I was waiting for dental treatment. I mentioned this during booking into the jail, and the provider (I believe it was an LVN) examined my teeth visually, told me it "looked good" with no swelling, and told me that the dental department was "pretty much limited to emergency care."

NARRATIVE OF PERSONALLY KNOWN FACTS: On September 19, 2016, a piece of my back molar broke off while I was chewing. Since this seemed to me to qualify as an emergency, I submitted a "medical request" form to dental... [MORE]

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Damages, jointly and severally: Nominal, actual, and punitive damages — $10,000 from each personal defendant; $100,000 from municipality; Equitable relief: Jail must adopt dental program with cleanings and fillings; Declaration that current policy is unconstitutional; fees and costs; attorney's fees, if applicable.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Matthew James Leachman, Matt Leachman, Hugh Perry Hootman, Perry Hootman

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ #903617. NOTE: I was arrested in 1996, tried and acquitted in federal court. I know I had a number in each place the Marshals moved or kept me, but I have no records of these numbers and do not remember them now.

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ___YES  X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case number: N/A
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied?  ___YES ___NO  N/A

4

PART V (STATEMENT OF CLAIM) CONTINUED:

... via the medical dropbox in the cell. I was not called to dental for an evaluation until October 26, 2016, when I was examined by a dentist who identified himself as Dr. Harper. ~~He said the appointment was an "annual check-up."~~ "mqL

Dr. Harper examined my X-rays and visually examined my teeth. He said I had a "stage three" cavity in the broken tooth and two developing cavities in other teeth. In great detail, Dr. Harper explained the mechanical load provided or performed by that molar and advised me that saving it would be of great benefit, but that the only way to save it would be to wait until I left on release, wait until I returned to TDCJ, or have my family arrange for an outside dentist to come to the jail, with his/her own equipment and staff, to perform the work. Dr. Harper specifically said that the jail policy was to do extractions only. He said my only choices on that day were to submit to, or refuse, extraction. He suggested that I try to save the tooth if possible and assured me that if I failed to obtain other care, and the pain grew too bad, he would pull the tooth at that time. Based on his representations, I refused extraction on that date.

On October 28, 2016, I filled out a grievance that set out the facts surrounding my tooth and my dental visit. I complained of the extraction-only policy and requested care to save my tooth. On November 15, 2016, I received a response from the Grievance Board, dated November 10th, declaring my complaint a non-grievable issue.

In November 2016, very soon after my first dental visit — probably within three weeks — I was called back to dental for an "annual checkup." On that occasion, Dr. Harper was again the dentist who examined me, and we had substantially the same conversation we had the first time (including

p. 4-A

another demonstration, with visual aids, of why saving my broken tooth would be of great benefit). Dr. Harper confirmed that it was still possible to save the molar with a filling on that date.

Throughout December, I made an effort to locate a dentist willing to donate pro bono services or arrange a long-term payment plan, and I verified that no one in my family — most of whom live in Arkansas, and none of whom live in or near Houston — was in a financial or logistical position to help me. During this period, a low-level discomfort from my tooth was constant, and I had to take special care when eating because any pressure on the broken molar, such as inadvertent chewing, caused sharp pain.

In January 2017, I began to experience episodes of more intense, throbbing pain, which I reported to the sick-call nurse during his morning rounds on January 12, 2017. Later that day, the nurse examined me at the triage office and said he was making a dental appointment. He apologized about the pain, saying that the dental department would not do priority scheduling unless there was swelling and fever.

Over the next 41 days, the episodes of intense, throbbing pain continued and grew worse, sometimes waking me up; twice, episodes were preceded by a sudden bolt of pain strong enough to make my eyes water and knees buckle. I treated the pain with OTC medication obtained from commissary and from the nurse.

On February 22, 2017, I saw Dr. Harper again. As before, he emphasized the importance of the molar — which he identified as #19 — in the mechanics of chewing. He asked whether there was any chance I could get a dentist to come to the jail or any chance I would leave the

jail soon. When I advised him that there was no chance of either and described the pain, he agreed that extraction was necessary. The extraction was difficult, including a broken root that had to be cut out. Recovery was slow and more painful than prior extractions I have experienced, including the extraction of all four of my wisdom teeth at once during my service in the U.S. Navy.

On February 27, 2017, I filed another grievance, complaining that the extraction-only policy had now cost me one tooth and that others needed saving. I never received the "interim response" form with the assigned grievance number, but it appears from documents provided to me that the number is 20021 (the number 20237, however, also appears on one document).

On March 14, 2017, the medical department's grievance investigator spoke to me about my grievance. She acknowledged that the dental department was working under an extraction-only policy; although she was sympathetic about inmates' inability to receive fillings, she said nothing could be done. She said she was marking my grievance "resolved."

On March 20, 2017, I appealed her findings.

On May 16, 2017, Lieutenant Buntyn met with me to discuss my appeal. He informed me that Captain Taylor made the decision that the appeal was "unfounded" because the Jail's written policy called for providing inmates with fillings. When I protested that even the grievance investigator admitted that dental was using an extraction-only policy, Lt. Buntyn said that it didn't matter because Capt. Taylor was looking only at the official, written policy.

On January 5, 2018, I received my second "annual checkup" from a dentist who identified himself as Dr. David Smith. He said that my teeth

looked "fairly good" but that I needed three fillings. I asked if he would do the fillings, and he said, "We don't really do that." He said the Jail's role is to identify problems that the inmate can resolve after leaving the jail. His dental assistant said, "We don't even have amalgam." Dr. Smith then said, "Right. We just don't have the equipment."

Within a week of my visit with Dr. Smith, two areas he probed and identified as having decay — one area on each lower side of my mouth — chipped and broke off from those teeth. I currently experience minor discomfort in those areas and fear losing more teeth soon.

Finally, for purposes of this pleading, I assert as fact that Sheriff Gonzalez, Medical Director Guice, and senior jail policymaking staff personally knew the dental department had adopted an extraction-only policy, custom, or practice. My assertion is based on the reasonable belief I formed from knowledge of the litigation in Baughman v. Garcia, 254 F.Supp.3d 848 (S.D. Tex. 2017), and I expect to establish this knowledge more fully in discovery.

UNDER THESE FACTS, I MAKE THE FOLLOWING CLAIMS:

1. The municipality of Harris County, Texas, acting by and through its policymakers, allowed and endorsed a custom, practice, or policy of extraction-only dental services at the Harris County Jail; the policy is deliberately indifferent to, and fails to adequately treat, serious medical needs; the policy harmed me by inflicting unnecessary pain, causing the loss of a salvageable tooth, and failing to prevent further decay; and, the policy continues to harm me, all in violation of the Eighth and Fourteenth Amendments.

ES0085-01-07

2. Ed Gonzalez, in his official capacity as Sheriff of Harris County, Texas, has endorsed and allowed the extraction-only policy by failing to take corrective action, exposing me (and all other inmates) to the risk of serious medical harm, in violation of the Eighth and Fourteenth Amendment.

3. Dr. Marcus Guice, in his personal capacity, knew that the department he supervised had, and has, an extraction-only policy, and — though he had authority to correct the de facto policy — took no corrective action, which resulted in my unnecessary pain and suffering, the loss of my salvageable tooth, and the decay of other teeth, and which continues to harm me, all in violation of the Eighth and Fourteenth Amendments.

4. Dr. Marcus Guice, in his official capacity as Medical Director, has endorsed and allowed the extraction-only policy by failing to take corrective action, exposing me (and all other inmates) to the risk of serious medical harm, in violation of the Eighth and Fourteenth Amendments.

5. Dr. David Smith, in his personal capacity, knowing of a serious medical condition — cavities that, if not treated, will continue to decay, with a near certainty of causing pain, suffering, and tooth loss — refused to provide adequate treatment, causing ongoing harm that worsens each day, in violation of the Eighth and Fourteenth Amendment.

6. Dr. Alan Harper, in his personal capacity, knowing of a serious medical condition — a partially broken molar and dental cavities — refused to provide adequate treatment, causing me unnecessary pain and suffering and the

p. 4-E

ES0085-01-07

loss of a salvageable tooth, as well as the ongoing harm of worsening decay, in violation of the Eighth and Fourteenth Amendments.

p. 4-F

ES0085-01-07

C. Has any court ever warned or notified you that sanctions could be imposed?   ___YES  X  NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): N/A
  2. Case number: N/A
  3. Approximate date warning was issued: N/A

Executed on: 03 Feb 2018
DATE

Matthew James Leachman
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this   3rd   day of   February  , 20 18 .
          (Day)              (month)            (year)

Matthew James Leachman
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

# APPENDIX

1. Copy of original grievance
2. Copy of grievance appeal
3. Notice re: grievance appeal
4. Result of grievance appeal

ES0085-01-07

# HARRIS COUNTY SHERIFF'S OFFICE
## Inmate Affairs Division
### INMATE COMPLAINT FORM
*Forma para Quejas de los Presos*

**Grievance Board Use ONLY:**
Code No:
Complaint No:

**Inmate Name (Nombre del Preso):** Matthew Leachman
**Inmate SPN# (Numero del SPN Preso):** 01525039

**Jail Facility, check one (Local de Carcel, marque uno):** ☒ 1200  ☐ 701  ☐ 711  ☐ 1307
**Housing Assignment (Vivienda Asignada):** 2-J-1

**Date of Incident (Fecha de Incidente):** 22 Feb 2017
**Specify how and when informal resolution was attempted:**

**Time of Incident (Tiempo de Incidente):** appr. 1130-1400
**Deputy's Name (Nombre de Deputy):** MEDICAL —
**Sergeants Name (Nombre de Sargeante):** Dr. Harper

**State your Complaint:**

On the referenced date, my tooth (#19, a bottom molar) was pulled. Here are the problems this medical issue presents:

FIRST, I did not want to lose my tooth. In November, at my one-year checkup, Dr. Harper said the tooth had a stage-three cavity but that it could be saved. He said that Jail policy was extraction-only, but my family could hire a dentist to come to the Jail. He encouraged me to save the tooth if possible because it was important for chewing. He told me to let dental know if it began hurting too bad and if my family couldn't help.

No one was able to help me get an outside dentist. On January 12th, I reported to the nurse that it hurt too much to wait any longer, and he scheduled me for dental. It took 41 days of pain to be seen.

SECOND, I was charged $15 for the extraction even though it was a follow-up to an issue identified at my one-year checkup. The treatment plan from the one-year checkup was: try to get an outside dentist, extract if outside dentist unavailable. As a follow-up treatment, the extraction

(cont'd on back)

**Action Requested (Accion solicitada):**
1.) The Jail must reverse the improper charge (#1753547).
2.) The Jail must take action to restore my lost tooth, such as providing a bridge or a dental implant.
3.) The Jail must provide dental services, including cleaning and fillings, to prevent further lost teeth.

**Inmate Signature:** [signed]
**Date:** 27 Feb 2017

should not have resulted in a charge.

Extraction-only policies have been repeatedly held unconstitutional. National standards for correctional health care REQUIRE both preventive treatment (cleanings) and ameliorative treatment (fillings, caps) to save teeth. The Jail is responsible for my lost tooth — a permanent disfigurement that also interferes with daily life, i.e., eating — because of its inadequate dental staffing and unconstitutional policy. The Jail is also responsible for my 41 days of unnecessary pain, which also appears to be a result of inadequate staffing.

The Jail must take action to bring its dental department up to nationally accepted, constitutional standards. I am likely to be here for some time to come, and Dr. Harper has advised me that I have cavities that need work. If the Jail does not act, it will be responsible for further lost teeth.

Mailed 20 March 17 — 2nd shift (i/dept mail)

TO: DIVISION COMMANDER, ADMINISTRATIVE SERVICES

FROM: MATTHEW LEACHMAN, 01525039, JA09/Z-J-1

DATE: 20 MARCH 2017

This is an APPEAL of a grievance investigated on 14 March 2017 by the medical grievance coordinator. I was never told the grievance number.

The medical coordinator considered the grievance "resolved" because the jail's extraction-only policy is, according to her, the only viable option for the jail. I acknowledged by my signature that I was notified of her findings.

Medical may consider this matter "resolved"; I do not. A large number of court decisions have found extraction-only policies are unconstitutional. This policy has already cost me one tooth, and on 16 March 2017, Dr. Harper warned me that two other teeth need treatment soon if they are to be saved.

I file this appeal to put you on notice that this matter is not resolved and will not be resolved until: [1] the Jail takes remedial measures to compensate me for the harm already done (lost tooth, pain and suffering); [2] the Jail takes action to save my remaining teeth; and, [3] the Jail adopts a dental policy and staffing level that is constitutionally adequate.

Matthew J. Leachman

cc: File

HARRIS COUNTY
HCSO
SHERIFF'S OFFICE
SHERIFF ED GONZALEZ
1200 Baker Street, Houston, Texas 77002  ★  (713) 755-6044  ★  www.sheriff.hctx.net

Case 4:18-cv-00457   Document 1   Filed on 02/13/18 in TXSD   Page 17 of 18

April 28, 2017

TO: Inmate Matthew Leachman (01525039)

FR: Captain R. Taylor
Administrative Services Division

RE: Appeal of Grievance #20021

Inmate Leachman, I am in receipt of your Appeal of Grievance #20021 (Medical) relating to the issue of tooth extraction.

I am in contact with the Medical Divison's administrative staff and we are working toward a resolution to the issue(s) you have raised. When a definitive resolution/result has been determined, I will again contact you and advise you of my findings and resulting determination regarding your Appeal.

Captain R. Taylor
Administrative Services Division

[rec'd via hand deliver. 28 Apr 2017]

**GRIEVANCE RESOLUTION FORM**
**INMATE GRIEVANCE BOARD**
1200

RECEIVED
APR 13 2017
ADMIN SERV DIV

To: CAPTAIN R. TAYLOR
ADMIN SERVICES DIVISION
From: Inmate Grievance Board
Re: Inmate: LEACHMAN  MATTHEW
SPN# 1525039

Date Received 4/10/2017
Date Due 4/24/2017

Ref: GRIEVANCE # 20237

The Inmate Grievance Board has received a grievance from the above listed Inmate. Please investigate this grievance, a copy of which is enclosed with this form, and determine whether you can resolve the problem. Give a full and complete report of your actions in the space provided. After the completion of your investigation, BOTH YOU AND THE INMATE MUST sign and date the form. It is imperative that this form be returned to the Board within ****FOURTEEN DAYS (14) ****of receipt.

I have investigated this grievance and determined it to be: (Check One)

✓ Unfounded  ___ Founded/Resolved  ___ Founded/Unresolved  ___ ATW/TDC  ___ OIG/IAD or Bureau Investigation (Case # Required)

Describe action taken

## GRIEVANCE APPEAL FOR #20021

Provided copy of HCSO policy on Dental Care Treatment and NCCHC Policy on Oral Care.

## *INMATE COPY*

My signature below indicates I have been advised as to the determination of this issue.

Inmate's Signature: _____  Inmate's printed name: Matthew Leachman  Date: 5/16/17
Supervisor's Signature: _____  Supervisor's printed name: R.S. Buntyn  Date: 5/16/17

Approved by: _____  Print: _____  Date: __/__/__
Division Commander / Designee